IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK THELEN, # 16842-039, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-760-MJR |
| ) | |
| JAMES CROSS, JR., ) | |
| CHARLES E. SAMUELS, JR., ) | |
| and ERIC HOLDER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of three pending motions filed by Plaintiff: a motion to alter or amend judgment and clarify (Doc. 9), in reference to the order dismissing this case without prejudice (Doc. 8); a motion for service of process at government expense (Doc. 12); and a motion to withdraw IFP request (Doc. 17).

**Background**

Plaintiff filed this action on July 2, 2014 (Doc. 1), and sought leave to proceed *in forma pauperis* ("IFP"). However, on July 18, 2014, he moved to either voluntarily dismiss his case or to have the case stayed, when he learned that some of his claims had not been exhausted through the prison's administrative appeal process (Doc. 6). The Court dismissed the action without prejudice on July 22, 2014 (Doc. 8), noting that Plaintiff's obligation to pay the filing fee for this action was not extinguished by the dismissal of the case.

Plaintiff filed the motion for reconsideration (Doc. 9) on July 30, 2014, arguing

that no filing fee should be assessed for this case. On November 3, 2014, he filed another complaint (Doc. 10), another motion for leave to proceed IFP (Doc. 11), and the motion for service at government expense (Doc. 12). The new complaint indicated that Plaintiff had by that time exhausted his administrative remedies relative to his claims.

On November 5, 2014, the Court ordered Plaintiff to comply with its previous order at Doc. 5, which directed him to provide his complete inmate trust fund statements for the six-month period preceding the date he filed the case. He did so on November 19, 2014 (Doc. 14), and his IFP motions were then granted (Doc. 15). Although Plaintiff could have paid the $350.00 filing fee for this action in installments, he chose to pay the fee in full on December 1, 2014 (Doc. 16). He then filed his motion to withdraw his IFP request (Doc. 17).

**Motion to Alter or Amend Judgment and Clarify (Doc. 9)**

Plaintiff raises two arguments in this motion, which was timely filed pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A Rule 59(e) motion must be filed within 28 days of the challenged order.

First, Plaintiff protests the assessment of a filing fee, claiming that this action was not legally "filed" until the fees are paid or IFP is granted. The Court rejects this logic, but finds it unnecessary to belabor the point, because the question became moot when Plaintiff paid the filing fee in full.

Plaintiff's second argument is that once he "refiles" his claims following

exhaustion of his administrative remedies, he should not be required to pay a second filing fee for a new case.  He points out that he was misled by the Bureau of Prisons ("BOP") into believing that exhaustion was complete before he filed the original complaint herein.  Only after he initiated the case did the BOP inform him that he "would have to redo" some of his administrative appeals relating to his claims (Doc. 6).

Under the circumstances of this case, Plaintiff's second point is well-taken.  He filed his action under a reasonable belief, based on communications received from the BOP, that exhaustion had been accomplished.  Once he learned that some claims had not been exhausted, he promptly notified the Court and moved to either dismiss or stay the case (noting that his preference was dismissal).  His motion (Doc. 6) was filed before the Court had conducted the required merits review under 28 U.S.C. § 1915A, and before any Defendant was ordered to respond.  The Court finds that in this instance, Plaintiff should not be penalized with a second filing fee in order to re-submit claims that he properly voluntarily dismissed.

To the extent that Plaintiff's motion (Doc. 9) seeks to alter or amend the order dismissing this case without prejudice, it is **DENIED.**  The dismissal of the case without prejudice was legally sound.  Once it became clear that the action was filed prematurely, dismissal was inevitable. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (prisoner's filing was fatally premature even though he filed his case in the district court only two days before the prison system announced its final decision); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) ("a case filed before exhaustion has been accomplished must be dismissed"); 42 U.S.C. § 1997e(a).  This case will not be reopened, but because the dismissal was without prejudice, the now-exhausted claims may be filed in a new case.  Indeed, a new case *must* be initiated if Plaintiff wishes to pursue the now-exhausted claims, which he clearly does.

*Ford*, 362 F.3d at 401 ("dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision"); *see also Burrell v. Powers*, 431 F.3d 282, 285 (7th Cir. 2005) (dismissal of suit for failure to exhaust should be without prejudice to prisoner "initiating another action" after having exhausted administrative remedies).

The portion of Plaintiff's motion (Doc. 9) that seeks clarification with regards to a second filing fee is **GRANTED** as follows. The Clerk shall be directed to re-file Plaintiff's new complaint (Doc. 10) in a new action, under a new case number. No new filing fee shall be assessed in that action. The complaint shall be subject to a preliminary merits review pursuant to 28 U.S.C. § 1915A in the new action.

**Motion for Service of Process at Government Expense (Doc. 12)**

Because Plaintiff's claims shall proceed in a newly-filed action, the motion for service of process at government expense is moot in this closed case. The Clerk shall **TERMINATE** the motion at Doc. 12. However, the Clerk shall be directed to file this motion in the newly-opened case.

**Motion to Withdraw IFP Request (Doc. 17)**

In this motion, Plaintiff seeks to "withdraw his IFP request as it relates to pre-payment of his filing fee," because he has paid the $350.00 fee in full. He asks the Court to "vacate as moot" the order (Doc. 15) which granted his request to proceed as a pauper.

The payment indeed was received by the Clerk, rendering the payment portion of Doc. 15 moot. However, Plaintiff did receive a benefit from the approval of his IFP motion, which the Court doubts he would wish to relinquish. Litigants who are granted pauper status are exempt from paying the $50.00 administrative fee assessed to non-pauper plaintiffs. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914,

No. 14. If Plaintiff had not qualified for pauper status based on the inmate trust fund records he submitted, he would have been required to pay a total fee of $400.00. Accordingly, the order at Doc. 15 shall not be vacated; thus the motion (Doc. 17) is **DENIED IN PART**.

Plaintiff's motion (Doc. 17) is **GRANTED IN PART** as follows: **NOTICE IS HEREBY GIVEN** to the Trust Fund Officer at FCI-Greenville that Plaintiff has paid the filing fee for this action in full. Therefore, this Court's order of November 23, 2014 (Doc. 15), directing payment of the filing fee, has been satisfied. **NO PAYMENTS SHALL BE DEDUCTED** from Plaintiff's prison trust fund account for this action.

**Disposition**

To summarize, the motions at Doc. 9 and Doc. 17 are **DENIED IN PART AND GRANTED IN PART** as detailed above. The motion at Doc. 12 is **TERMINATED** and shall be re-filed with Plaintiff's complaint in a new action.

The Clerk is **DIRECTED** to file Plaintiff's new complaint (Doc. 10) against Defendants James Cross, Jr.; Charles E. Samuels, Jr.; and Eric Holder, along with all exhibits, as a new civil rights (*Bivens*) action. The new case shall be randomly assigned to a District Judge. Plaintiff shall be notified of the new case number, and all future pleadings, motions, and any other documents relating to these claims shall be filed under that number in the new case.

The Clerk is also **DIRECTED** to file in Plaintiff's new case:

(1) A copy of this order, for reference purposes;

(2) The motion for service of process at government expense (Doc.12).

**IT IS FURTHER ORDERED** that no fee shall be assessed to Plaintiff in the new action, and his pauper status will extend to that case.

The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at

FCI-Greenville.

**IT IS SO ORDERED.**

**DATED: February 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge, United States District Court
